IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **JEFFREY SMILES** | : | CIVIL ACTION | |
| | : | | |
| v. | : | | |
| | : | | |
| **COUNTY OF BERKS, et al.** | : | NO. 17-3543 | |

FILED
AUG 14 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**STENGEL, Ch. J.**  AUGUST 14, 2017

Plaintiff Jeffrey Smiles filed a civil complaint against the County of Berks and several Berks County officials, which duplicates a previously-filed civil action. He also filed a motion to proceed *in forma pauperis*, which the Court will grant because it appears that plaintiff is not capable of prepaying the fees to commence this civil action. For the following reasons, the Court will dismiss plaintiff's complaint.

### I. FACTS AND PROCEDURAL HISTORY

On March 27, 2017, plaintiff filed a motion to proceed *in forma pauperis* and an eighty-nine page complaint, not including exhibits, against Berks County and several of its officials. *See Smiles v. Shaw*, E.D. Pa. Civ. A. No. 17-1355. In an April 6, 2017 order, I granted plaintiff leave to proceed *in forma pauperis* and dismissed the complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and because it failed to comply with Federal Rule of Civil Procedure 8. I provided the following reasoning in support of my decision to dismiss the complaint:

> Plaintiff primarily appears to be raising constitutional claims, pursuant to 42 U.S.C. § 1983, based on the assessment of county real estate taxes on his property, located at 3049 Octagon Avenue, Sinking Spring Pennsylvania. The eighty-nine paged complaint (plus exhibits) contains many legal citations and lengthy quotations, which do not provide a clear basis for plaintiff's challenge to the tax, and which obfuscate the true basis for his claims. Given the rambling,

1

cc: J.Smiles

> unfocused manner in which the complaint is pled, the Court concludes that it fails to comply with Rule 8. *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("excessively voluminous and unfocused" complaint could be dismissed for failure to comply with Rule 8).
>
> To the extent the Court can understand plaintiff's allegations, many appear to be frivolous. Plaintiff's challenges to the local property tax on the basis that: (a) he is a sovereign citizen or a "non taxpayer;" (b) he is not subject to taxation because he is an individual rather than a corporation; and (c) he and his family members should not have had to pay taxes on the home for more than four decades because it is not commercial property, are all legally frivolous. *See* 72 Pa. Cons. Stat. § 5020-201(a) (providing for county taxation of "houses"); *Bey v. Indiana*, 847 F.3d 559, 559-60 (7th Cir. 2017) (rejecting plaintiff's argument that he is "a 'sovereign citizen' and therefore can't lawfully be taxed by Indiana or its subdivisions in the absence of a contract between them and him"). Additionally, to the extent plaintiff cites criminal statutes, such statutes do not support any civil claims against the defendants. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Finally, a two-year statute of limitations applies to plaintiff's § 1983 claims, so plaintiff cannot recover for injuries which he knew or should have known about that occurred prior to March 27, 2015. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). To the extent plaintiff raises claims under state law based on the defendants' alleged failure to comply with provisions of Pennsylvania's tax laws, Pennsylvania's Right-to-Know law, or other state statutes, there is no independent basis for the Court's jurisdiction over those claims. *See* 28 U.S.C. § 1332.

*Id.* (Apr. 6, 2017 order, ECF No. 2).

In an abundance of caution, I gave plaintiff an opportunity to file an amended complaint. Plaintiff instead filed a document entitled "objections and recommendations," which I construed as a motion for reconsideration and denied in a May 9, 2017 order. Plaintiff never filed an amended complaint.

On August 7, 2017, plaintiff initiated the instant civil action by filing a complaint and motion to proceed *in forma pauperis*. His complaint is essentially identical to the complaint he filed in Civil Action Number 17-1355.

2

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

Furthermore, as plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "[A] complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims." *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) (per curiam).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's complaint duplicates his complaint in Civil Action Number 17-1355 and fails for the same reasons as the complaint in Civil Action Number 17-1355. Plaintiff was given an

3

opportunity to file an amended complaint in his previously-filed case but failed to do so. Instead, it appears he prefers to proceed on his initial complaint in a new civil action. However, plaintiff may not initiate duplicative cases against the same defendants in the same court. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc). As it appears that amendment would be futile, plaintiff will not be given an opportunity to file an amended complaint in this case. An appropriate order follows, which shall be docketed separately.